**Angel M. COSME NIEVES, et al.,
Plaintiffs, Appellants,**

v.

**Col. Robert C. DESHLER, C.O., Fort
Buchanan, et al., Defendants,
Appellees.**

No. 86–2032.

United States Court of Appeals,
First Circuit.

Heard May 8, 1987.

Aug. 14, 1987.

Samuel C. Vazquez Matias with whom
Hector L. Marquez, San Juan, P.R. was on
brief for appellants.

* Of the District of Massachusetts, sitting by desig-

Fidel A. Sevillano Del Rio, Asst. U.S.
Atty., with whom Daniel F. Lopez Romo,
U.S. Atty., Hato Rey, P.R., was on brief for
appellees.

Before BREYER and TORRUELLA,
Circuit Judges, and CAFFREY,* Senior
District Judge.

TORRUELLA, Circuit Judge.

Angel M. Cosme Nieves, et al., appeal
from a judgment of the United States District Court for the District of Puerto Rico
dismissing their action for want of prosecution. Plaintiffs originally brought a claim
for back wages and overtime in the Puerto
Rico Superior Court. The case was removed to federal district court, where it
was dismissed, in January, 1985, for lack of
jurisdiction and failure to state a claim
upon which relief could be granted. Plaintiffs appealed to this court. We issued a
decision on March 18, 1986, vacating the
judgment of dismissal for lack of jurisdiction, affirming the dismissal of the plaintiffs' claim under 29 U.S.C. § 218(a), and
remanding the case for consideration of
plaintiffs' § 218(b)(2) claim, "assuming of
course plaintiffs wish to press it." *Cosme
Nieves v. Deshler*, 786 F.2d 445, 453 (1st
Cir.1986).

Plaintiffs petitioned the Supreme Court
for a writ of certiorari, without seeking a
stay of the Court of Appeals judgment.
*See* Fed.R.App.P. 41(b). Accordingly, the
case was remanded to the district court
effective March 18, 1986. While filing for
certiorari and waiting for the Supreme
Court to respond, plaintiffs took no action
in the district court. On September 4,
1986, the district court, *sua sponte*, dismissed the plaintiffs' remaining claim for
want of prosecution, explaining:

As of today, more than five months
have elapsed since the First Circuit issued its opinion and judgment, and plaintiffs have failed to express their wish to
press their possible Section 218(b)(2)
claim.

Plaintiffs immediately filed a motion to vacate the dismissal, explaining that they had

nation.

been waiting to hear from the Supreme Court and expressing their wish to press the § 218(b)(2) claim. The district court denied the motion and plaintiffs appealed. The petition for certiorari was denied October 6, 1986.

We hold that dismissal was too harsh a sanction under these circumstances. In all the cases in which we have upheld a dismissal for want of prosecution, we have found either extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance. *See, e.g., United States Investment and Development Corp. v. Cruz*, 780 F.2d 166, 168 (1st Cir.1986) (dismissal after years of inaction); *Colokathis v. Wentworth-Douglass Hosp.*, 693 F.2d 7, 9 (1st Cir.1982) (dismissal after 4½ years of delay and repeated warnings); *Medeiros v. United States*, 621 F.2d 468, 470 (1st Cir.1980) (dismissal after warning); *see also Damiani v. Rhode Island Hosp.*, 704 F.2d 12, 17 (1st Cir.1983) (listing all First Circuit cases upholding dismissal for lack of prosecution or discovery abuse going back to 1964); *cf. Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5 (1st Cir.1985) (upholding default judgment where defendant engaged in discovery abuse and contumacious conduct).

Here plaintiffs failed to take affirmative action in their case in the district court for five months. Although it would undoubtedly have been best if counsel had notified the court of their activities before the Supreme Court, defendants were not prejudiced by the delay, being aware of the petition for certiorari. Nor did plaintiffs engaged in any active measures to delay their case. In fact, they had been pressing their case before the Supreme Court, and had they so informed the district court prior to the dismissal *sua sponte*, we assume that neither the opposing party or the district court would have considered such actions unreasonable. By their appeal to the Supreme Court they sought to reinstate a major part of their original claim in a case which involved novel issues. *Cosme Nieves, supra.* They responded immediately to the only warning they received—the

*sua sponte* dismissal—with a motion to the court. Although plaintiffs' counsel should have informed the court of the petition for certiorari, failure to do so does not warrant a dismissal of their claim once the district court was informed of plaintiffs' effort before the Supreme Court. "Dismissal is a harsh sanction which should be resorted to only in extreme cases." *Richman v. General Motors Corp.*, 437 F.2d 196, 199 (1st Cir.1971). This is not an extreme case. The district court abused its discretion by dismissing plaintiffs' claim for lack of prosecution.

The judgment of the district court is vacated and the case is remanded for consideration of the plaintiff's § 218(b)(2) claim before a different district judge.

*Vacated and remanded.*