UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 93-1041

 THE ESTATE OF JOSE M. SOLIS-RIVERA, ET AL.

 Plaintiffs, Appellants,

 v.

 UNITED STATES OF AMERICA,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Gilberto Gierbolini, U.S. District Judge]
 

 

 Before

 Selya, Circuit Judge,
 

 Campbell, Senior Circuit Judge,
 

 and Cyr, Circuit Judge.
 

 

Armando Cardona-Estelritz and Isidro Garcia Pesquera Law Offices
 
on brief for appellants.
Isabel Munoz Acosta, Assistant United States Attorney, and
 
Daniel F. Lopez-Romo, United States Attorney, on brief for the United
 
States.

 

 May 11, 1993
 

 Per Curiam. Plaintiffs/appellants are the widow
 

and children of the late Jose M. Solis Rivera. Plaintiffs

brought this action pursuant to the Federal Tort Claims Act

("FTCA"), 28 U.S.C. 2671 et seq., claiming that the United
 

States Department of Veterans' Affairs ("VA") negligently

failed to diagnose and treat Solis Rivera's prostate gland

cancer. Plaintiffs appeal from the district court's

dismissal of the case without prejudice for lack of

prosecution.

 I.

 Plaintiffs filed their complaint on August 19,

1991. On February 13, 1992, the government filed a motion to

dismiss the complaint, arguing that plaintiffs had improperly

filed their administrative claim in the name of Jose Solis

Rivera and his heirs, rather than in the name of Solis

Rivera's estate or in the names of the plaintiffs

individually as his heirs. Plaintiffs did not respond to the

government's motion to dismiss within ten days of service, as

required by Local Rule 311.5 of the District of Puerto Rico.

On March 23, 1992, after more than a month had passed since

service of the motion to dismiss, the district court entered

an order dismissing the complaint with prejudice for failure

to diligently prosecute the action. A judgment dismissing

the case was entered on March 31.

 -2-

 Plaintiffs thereafter filed a motion to vacate and

set aside the court's order and a motion to reconsider the

judgment. In the motions, plaintiffs' attorney explained

that he thought the district court, during a February 7

status conference, had approved a thirty-day period to answer

the government's proposed motion to dismiss. Plaintiffs'

attorney further explained that he had been busy with another

case for three weeks, and asked the court to impose a less

severe sanction than dismissal with prejudice in light of the

isolated nature of his dilatory action.

 On May 29, 1992, the district court granted

plaintiffs' request to vacate and set aside its prior order

dismissing the case. On the same day, the court granted to

the government fifteen days to file a detailed memorandum of

law in support of the motion to dismiss that it had filed on

February 13. Plaintiffs were given ten days to respond. 

 On June 12, 1992, in compliance with the order, the

government filed the more detailed memorandum of law in

support of its motion to dismiss. On June 23, plaintiffs

requested an additional five days to respond ostensibly

because plaintiffs' attorney was unable to find in his files

a contemporaneous motion to dismiss. The government contends

that it subsequently informed plaintiffs' attorney that a

copy of the motion to dismiss filed on February 13, 1992 was

to accompany its memorandum of law of June 12. The

 -3-

government faxed a copy of the motion to dismiss to

plaintiffs' attorney on June 24.

 Approximately a month passed with no response from

plaintiffs. On July 29, 1992, the government filed a motion

to adjudicate, asking the court to dismiss the case with

prejudice because plaintiffs had failed to respond to its

motion to dismiss twenty-nine business days after they filed

a request for an extension.

 On August 10, 1992, plaintiffs filed a motion

opposing the government's motion to adjudicate. Plaintiffs'

attorney claimed he was not informed until July 16 that he

was not missing any of the government's pleadings, and that

he had been busy with another jury trial, but expected to

complete an opposing memorandum within a day or two. On

August 18, 1992, plaintiffs finally filed a memorandum

opposing the government's motion to dismiss.

 By that time, however, the district court had

already entered an order dated August 12 dismissing the case

with prejudice for lack of prosecution. Judgment was entered

on August 19, 1992.

 On August 25, plaintiffs filed a motion for

reconsideration. They argued that (1) they had filed their

memorandum on August 18, before receiving the court's order

dated August 12 and before judgment was entered; and (2) the

essentials of plaintiffs' opposition to the government's

 -4-

motion to dismiss had been tendered in plaintiffs' March 27

motion to vacate.

 On October 22, 1992, the district court issued an

order denying plaintiffs' motion for reconsideration, but

modifying the August 12, 1992 order to dismissal without

prejudice. Plaintiffs appeal from the district court's

October 22, 1992 order dismissing the case without prejudice.

 II.

 Rule 41(b) of the Federal Rules of Civil Procedure

expressly authorizes a district court to dismiss a case

"[f]or failure of the plaintiff to prosecute or comply with .

. . any order of court." Dismissal with prejudice is a
 

"harsh sanction," Richman v. General Motors Corp., 437 F.2d
 

196, 199 (1st Cir. 1971), which "should be employed only when

a plaintiff's misconduct has been extreme," Figueroa Ruiz v.
 

Alegria, 896 F.2d 645, 647 (1st Cir. 1990), and "only after
 

the district court has determined 'that none of the lesser

sanctions available to it would truly be appropriate,'"

Enlace Mercantil Int'l, Inc. v. Senior Indus., Inc., 848 F.2d
 

315, 317 (1st Cir. 1988). A finding of extreme misconduct is

justified if there is extremely protracted inaction,

disobedience of court orders, ignorance of warnings,

contumacious conduct, Cosme Nieves v. Deshler, 826 F.2d 1, 2
 

(1st Cir. 1987), or "some other aggravating circumstance such

as 'prejudice to the defendant, glaring weaknesses in the

 -5-

plaintiff's case, and the wasteful expenditure of a

significant amount of the district court's time.'" Figueroa
 

Ruiz, 896 F.2d at 648 (quoting Enlace Mercantil, 848 F.2d at
 

317). We review a district court's dismissal for lack of

prosecution only for an abuse of discretion. E.g., Figueroa
 

Ruiz, 896 F.2d at 647. 
 

 Plaintiffs contend that the district court's

dismissal without prejudice is the functional equivalent of a

dismissal with prejudice since the six-month statute of

limitations authorized in the FTCA, 28 U.S.C. 2401(b),

(providing in substance that, in an FTCA case, suit must be

"begun within six months after the date of mailing . . . of

notice of final [administrative] denial of the claim") had

long since passed and there appears to be no likelihood of

equitable tolling. See de Casenave v. United States, No. 92-
 

2102, slip op. at 6 (1st Cir. April 20, 1993) (where

plaintiffs' initial lawsuit was dismissed for failure to

abide by discovery orders, and record contains no evidence of

misconduct on part of government, court "discern[s] no basis

under which the district court could have applied equitable

principles" to toll FTCA's six-month statute of limitations);

Pipkin v. United States Postal Service, 951 F.2d 272, 274
 

(10th Cir. 1991) (refusing to toll FTCA six-month limitations

period during filing of previous FTCA lawsuit which was

dismissed without prejudice for failure to prosecute).

 -6-

Plaintiffs argue that their dilatory conduct was not so

egregious as to justify what is, in effect, the ultimate

sanction of dismissal with prejudice. 

 The district court may, indeed, have been unaware

that the applicable statute of limitations had expired. The

court's October 22 modification of its August 12 order

dismissing the case from "with prejudice" to "without

prejudice" suggests that the court may have felt that

plaintiffs were in a position to refile their case. Such a

belief on the court's part would be understandable given

plaintiffs' counsel's neglect, either before or after October

22, 1992, to point out to the court their limitations

problem.

 Resolution of this appeal is not altogether simple.

Plaintiffs' attorney's failure on two occasions to respond to

plain deadlines was egregious. If the district court had

dismissed with prejudice in these circumstances, we could not
 

say it had abused its discretion. However, by finally

dismissing without prejudice, the district court seems to
 

have indicated a merciful wish not to visit counsel's

dereliction upon the heads of plaintiffs by barring the

action altogether. A district court, which has direct and

continuous contact with attorneys, is best able to judge in

the first instance whether an attorney's misconduct is

sufficiently egregious to warrant the "death knell" of a

 -7-

lawsuit, see Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118
 

(1st Cir. 1989), or whether some lesser sanction would be

more appropriate.

 Given the district court's action in changing the

dismissal from "with" to "without" prejudice, we are

persuaded to remand to the same district judge to allow him

to decide whether, given the surfacing of the statute of

limitations problem, he wishes to give plaintiffs a further

chance by allowing the present action to proceed. In so

remanding, we may be criticized for overlooking plaintiffs'

failure to have raised the limitations problem below. This

court will not ordinarily consider a matter not first

presented to the district court. E.g., Boston Celtics Ltd.
 

Partnership v. Shaw, 908 F.2d 1041, 1045 (1st Cir. 1990).
 

Still, we think the district court is better positioned than

ourselves to determine the course of justice here. We,

therefore, vacate and remand, but emphasize that we leave the

choice entirely in the hands of the district court, which may

either choose to confirm the "death knell" of this action by

reentry of its previous or some other dismissal order, or

else allow the case to proceed. If the district court allows

the case to proceed, the court may wish to assure itself

either that present counsel will in the future act

responsibly or that new counsel will be substituted by

plaintiffs. The court may also consider whether to impose,

 -8-

as a condition to allowing the case to go forward, pecuniary

sanctions, to be paid by present counsel personally, and to

see that present counsel does not bill its own clients for

time related to its ineffective and annoying conduct to date.

 Vacated and remanded for further proceedings in
 

accordance herewith. Costs to appellee, to be paid
 

personally by appellant's counsel.
 

 -9-