46 F.3d 1114
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Laura HICKEY, Plaintiff, Appellant,
v.
WELLESLEY PUBLIC SCHOOLS, ET AL., Defendants, Appellees.
Laura Hickey, Plaintiff, Appellant,
v.
Wellesley School Committee, et al., Defendants, Appellees.
 Nos. 94-1642, 94-1965.
 United States Court of Appeals,
First Circuit.
 Jan. 25, 1995.
 
 Appeals from the United States District Court for the District of Massachusetts [Hon. Douglas P. Woodlock, U.S. District Judge ]
 Laura Hickey on briefs pro se.
 Albert S. Robinson on briefs for appellees.
 D.Mass.
 AFFIRMED.
 Before SELYA, Circuit Judge, CAMPBELL, Senior Circuit Judge, BOUDIN, Circuit Judge.
 PER CURIAM.
 
 
 1
 We have carefully reviewed the parties' briefs and the record on appeal. Insofar as appellant contends that the district court was without jurisdiction to issue its order of dismissal, dated April 29, 1994, she is incorrect. Mandate in appellant's prior appeal issued on February 18, 1994. "The effect of the mandate is to bring the proceedings in a case on appeal in our Court to a close and to remove it from the jurisdiction of this Court, returning it to the forum whence it came." Ostrer v. United States, 584 F.2d 594, 598 (2d Cir. 1978); accord United States v. Rush, 738 F.2d 497, 509 (1st Cir. 1984) ("it is the date on which the mandate is issued which determines when the district court reacquires jurisdiction for further proceedings"), cert. denied, 470 U.S. 1004 (1985). Moreover, the mere filing of a petition for certiorari without also timely asking for, and obtaining, a stay of mandate did not prevent the district court from acting as it did. "[N]either the right to petition for a writ of certiorari nor the actual filing of such a petition stays enforcement of the judgment sought to be reviewed by certiorari." 2 Fed Proc, L Ed Sec. 3:131 (1994).
 
 
 2
 Secondly, we do not find that the district court abused its discretion in ordering dismissal in this case. See Link v. Wabash R.R., 370 U.S. 626, 633 (1962) (reciting that the proper standard is abuse of discretion). In Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987), we said that "[i]n all the cases in which we have upheld a dismissal for want of prosecution, we have found either extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." Id. (Emphasis added.) We have defined "other aggravating circumstances" to include "prejudice to the defendant, glaring weaknesses in the plaintiff's case, and the wasteful expenditure of a significant amount of the district court's time." Enlace Mercantil Internacional v. Senior Indus., 848 F.2d 315, 317 (1st Cir. 1988) (footnotes omitted). Appellant's litigation efforts in this matter are directed at dragging out claims of dubious merit beyond any reasonable expectation of success. We recite but a brief overview.
 
 
 3
 In 1988, the state Department of Education determined that the defendants had fully complied with federal and state law. Also in 1988, the district court, in denying successive requests for preliminary injunctive relief, made a determination that appellant's lawsuit was not likely to be successful. After filing appeals from each of the denials of preliminary injunctive relief, appellant's mother, who was litigating on her then-minor daughter's behalf, moved for an expedited trial, but then three times failed to attend her scheduled deposition-in each instance, giving very short notice that she would not attend-and on the fourth scheduled date, abruptly terminated the deposition. Two days before the scheduled fifth date, she informed the court that she and appellant had moved to Texas and asked to voluntarily dismiss the lawsuit without prejudice.
 
 
 4
 Three years later, appellant sought to reinstitute essentially the same lawsuit. Presumably, appellant graduated in June 1989; yet there is no explanation for the 2+ years of inactivity from then until the attempted reinstitution in September 1991. Although the district court found that full payment of the defendants' fees and expenses ($6,598.50) in defending the aborted suit would be justified, in recognition of the appellant's indigency, it required only that appellant deposit $1,000 into the Court's Registry pending the outcome of the new lawsuit and to file a clarification of the basis for her new action. We affirmed that order as a justifiable balance of appellant's right of access to the court process with her responsibility to use that process appropriately. After granting an extension of time in which to file it, we denied appellant's petition for rehearing. As noted, mandate issued on February 18, 1994.
 
 
 5
 The district court warned appellant, by order dated March 9, 1994, that her suit would be dismissed for lack of prosecution unless, by April 15, she deposited the $1,000 in the Court Registry and filed the required written clarification. Appellant's response was tepid, at best. She informed the district court of her "interest" in filing a motion to recall mandate in the court of appeals and her "intention" to timely seek certiorari in the Supreme Court.[1] She did not seek a stay pending her attempts at further review, offer to pay even part of the $1,000, file the written clarification or suggest why even that filing would be burdensome. Her response is best viewed for what it truly represents-more delaying tactics, unlikely to succeed, and not warranting the withholding of dismissal.
 
 
 6
 The "glaring weaknesses in the plaintiff's case" are self-evident even from this summary recitation of the course of this litigation. In 1988, the state Bureau of Special Education Appeals determined that the defendants had fully complied with state and federal law. Also in 1988, the district court, in denying preliminary injunctive relief, concluded that she was unlikely to prevail on the merits. Nothing since that time suggests the contrary. And, the defendants have had to endure appellant's "dodging and weaving" tactics of litigation-which consisted of pressing for injunctive relief and expedited trial in 1988, only to come to a screeching halt when prospects of success looked dim, and then springing to life again three years later in 1991, resulting in another three years of litigation. This case has consumed more amount of the district court's time than it warrants.
 
 
 7
 Finally, appellant has appealed from an order denying her motion "to correct the record and request for accounting from court of all handwritten notes, books, documents, records, papers, tapes, etc. of the Court's Order of Dismissal dated April 29, 1994." Appellant claims that she did not receive a copy of the dismissal order until May 26, and so, she further claims, dismissal must have actually occurred on May 23 or 24, but was back-dated to April 29. We have grave doubts about each of these allegations. Appellant also has failed to support her claim that she is entitled to "handwritten notes" and the like. In any event, the district court gave appellant an extension of time to file a notice of appeal from the order of dismissal. We have considered that appeal and it is meritless.
 
 
 8
 The order of dismissal and the order denying the motion to correct the record and for an accounting are affirmed.
 
 
 
 [1]
 Certiorari was, in fact, denied on October 3, 1994. Hickey v. Wellesley Sch. Comm., 115 S. Ct. 112 (1994)