Diana ORTIZ–ANGLADA, Plaintiff, Appellant,

v.

Dr. Hector ORTIZ–PEREZ, et al., Defendants, Appellees.

No. 98–2164.

United States Court of Appeals, First Circuit.

Submitted May 10, 1999.

Decided July 19, 1999.

**66**

Kevin G. Little on brief for appellant.

Alfonso Miranda Cardenas, Pedro J. Cordova, Jose A. Miranda Daleccio, Jose E. O'Neill Font and Carlos A. Ortiz Morales on brief for appellees.

Before LYNCH, Circuit Judge,
COFFIN and CYR, Senior Circuit Judges.

COFFIN, Senior Circuit Judge.

Plaintiff-appellant Diana Ortiz Anglada claims that the district court abused its discretion when it *sua sponte* and without notice dismissed her medical malpractice action for lack of prosecution. We agree that the circumstances do not warrant such a harsh sanction, and therefore reverse.

Ortiz filed this lawsuit on July 18, 1996, against Dr. Hector Ortiz–Perez and the clinic for which he worked.[1] The case docket reveals that proceedings occurred regularly through April 1, 1997.[2] Although the next docket entry is the dismissal order of August 4, 1998, it appears undisputed that activity involving both parties continued at a normal pace through September 1997, when the transcript of plaintiff's deposition was prepared and circulated. In addition, the record shows

that in January 1998 plaintiff was evaluated by a psychologist in connection with the litigation.

Thus, when the district court dismissed the suit, the docket showed no activity for approximately 16 months, although the case had been dormant for no more than about seven months. Plaintiff was given no warning that the court was considering dismissal, and, indeed, there had been neither a conference with the judge nor a scheduling order setting deadlines to move the case along. *See* Fed.R.Civ.P. 16(b) ("[T]he district judge ... shall ... enter a scheduling order that limits the time ... (2) to file motions; and (3) to complete discovery.") The court's dismissal order stated:

It appears from the docket of this case that no action has been taken since March 19, 1997. In view thereof, it is hereby ORDERED that this case be DISMISSED, for lack of prosecution.

Seven days after entry of that order, Ortiz filed a request for reconsideration that listed the discovery activity that had not been reflected on the docket. The court was unimpressed. It noted plaintiff's responsibility for developing and prosecuting her case and its own responsibility " 'to achieve the orderly and expeditious disposition of cases,' "[3] and concluded that "plaintiff's protraction in the instant case is evident and unwarranted." The court thus denied the motion, and this appeal followed.

■ Although our case law gives the district court broad discretion to dismiss a case to further its case management responsibilities, disposition on the merits is favored and we repeatedly have held that a case should not be dismissed with prejudice except "when a plaintiff's misconduct

---

**1.** The substance of her lawsuit is irrelevant to this appeal, and we therefore do not provide any details of her claim.

**2.** On that date, the court granted Ortiz's motion to compel discovery, which had been filed on March 19.

**3.** The court cited *Link v. Wabash R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

is particularly egregious or extreme," *Benjamin v. Aroostook Medical Center, Inc.,* 57 F.3d 101, 107 (1st Cir.1995). We have observed more than once that

> [i]n all the cases in which we have upheld a dismissal for want of prosecution, we have found either extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.

*Cosme Nieves v. Deshler,* 826 F.2d 1, 2 (1st Cir.1987) (citing cases); *see also Benjamin,* 57 F.3d at 108; *Estate of Solis–Rivera v. United States,* 993 F.2d 1, 2 (1st Cir.1993).

■ Nothing of the sort occurred here. Although the case may have been progressing more slowly than ideal, and the long gap following the last docketed action understandably troubled the court, it must bear some responsibility for having failed to impose deadlines through a scheduling order. Plaintiff had no reason to suspect her case was at risk, and plaintiff responded promptly to the unexpected dismissal with a motion to reconsider it. *See Robson v. Hallenbeck,* 81 F.3d 1, 4 (1st Cir. 1996) ("[A]bsence of warning that the court was considering dismissal ... may be a pertinent factor in evaluating a dismissal, especially if the conduct in question did not violate a clear preexisting requirement."); *Cosme Nieves,* 826 F.2d at 2 ("[Plaintiffs] responded immediately to the only warning they received—the sua sponte dismissal—with a motion to the court.")[4]

This court, and federal courts generally, have warned that the drastic sanction of dismissal for want of prosecution "should be employed only when the district court, in the careful exercise of its discretion, determines that none of the lesser sanc-

tions available to it would truly be appropriate." *Zavala Santiago v. Gonzalez Rivera,* 553 F.2d 710, 712 (1st Cir.1977); *see also Enlace Mercantil Internacional v. Senior Industries,* 848 F.2d 315, 317 (1st Cir.1988). This is a classic case for a lesser sanction. There has been no showing of particular prejudice to the defendants or the court and no deliberate disregard of deadlines. *See Robson,* 81 F.3d at 2–3. Indeed, in the absence of a scheduling order, any action in these circumstances more severe than a warning that plaintiff should activate and expedite her case seems excessive.

Accordingly, we reverse the dismissal of plaintiff's case and remand for further proceedings. The district court retains the discretion, of course, to dismiss the case if appropriate circumstances arise.

*Reversed and remanded.*

■

---

4. We note, moreover, that the defendants were responsible on more than one occasion for prolonging the case. They failed to answer the complaint within the requisite time period, prompting the court initially to grant a default judgment for plaintiff. The judg-

ment was set aside after defendants successfully sought an extension of time to file their reply. Later, plaintiff was forced to file a motion to compel the production of discovery materials.