USCA1 Opinion

 

 United States Court of Appeals For the First CircuitNo. 98-2164 DIANA ORTIZ-ANGLADA, Plaintiff, Appellant, v. DR. HECTOR ORTIZ-PEREZ, ET AL., Defendants, Appellees. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO  [Hon. Juan M. Perez-Gimenez, U.S. District Judge]    Before  Lynch, Circuit Judge, Coffin and Cyr, Senior Circuit Judges.     Kevin G. Little on brief for appellant. Alfonso Miranda Cardenas, Pedro J. Cordova, Jose A. MirandaDaleccio, Jose E. O'Neill Font and Carlos A. Ortiz Morales on brieffor appellees.July 19, 1999   COFFIN, Senior Circuit Judge. Plaintiff-appellant Diana OrtizAnglada claims that the district court abused its discretion whenit sua sponte and without notice dismissed her medical malpracticeaction for lack of prosecution. We agree that the circumstances donot warrant such a harsh sanction, and therefore reverse. Ortiz filed this lawsuit on July 18, 1996, against Dr. HectorOrtiz-Perez and the clinic for which he worked. The case docketreveals that proceedings occurred regularly through April 1, 1997. Although the next docket entry is the dismissal order of August 4,1998, it appears undisputed that activity involving both partiescontinued at a normal pace through September 1997, when thetranscript of plaintiff's deposition was prepared and circulated. In addition, the record shows that in January 1998 plaintiff wasevaluated by a psychologist in connection with the litigation.  Thus, when the district court dismissed the suit, the docketshowed no activity for approximately 16 months, although the casehad been dormant for no more than about seven months. Plaintiffwas given no warning that the court was considering dismissal, and,indeed, there had been neither a conference with the judge nor ascheduling order setting deadlines to move the case along. SeeFed. R. Civ. P. 16(b) ("[T]he district judge . . . shall . . .enter a scheduling order that limits the time . . . (2) to filemotions; and (3) to complete discovery.") The court's dismissalorder stated: It appears from the docket of this case that no action has been taken since March 19, 1997. In view thereof, it is hereby ORDERED that this case be DISMISSED, for lack of prosecution. Seven days after entry of that order, Ortiz filed a requestfor reconsideration that listed the discovery activity that had notbeen reflected on the docket. The court was unimpressed. It notedplaintiff's responsibility for developing and prosecuting her caseand its own responsibility "'to achieve the orderly and expeditiousdisposition of cases,'" and concluded that "plaintiff'sprotraction in the instant case is evident and unwarranted." Thecourt thus denied the motion, and this appeal followed. Although our case law gives the district court broaddiscretion to dismiss a case to further its case managementresponsibilities, disposition on the merits is favored and werepeatedly have held that a case should not be dismissed withprejudice except "when a plaintiff's misconduct is particularlyegregious or extreme," Benjamin v. Aroostook Medical Center, Inc.,57 F.3d 101, 107 (lst Cir. 1995). We have observed more than oncethat  [i]n all the cases in which we have upheld a dismissal for want of prosecution, we have found either extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.Cosme Nieves v. Deshler, 826 F.2d 1, 2 (lst Cir. 1987) (citingcases); see also Benjamin, 57 F.3d at 108; Estate of Solis-Riverav. United States, 993 F.2d 1, 2 (lst Cir. 1993). Nothing of the sort occurred here. Although the case may havebeen progressing more slowly than ideal, and the long gap followingthe last docketed action understandably troubled the court, it mustbear some responsibility for having failed to impose deadlinesthrough a scheduling order. Plaintiff had no reason to suspect hercase was at risk, and plaintiff responded promptly to theunexpected dismissal with a motion to reconsider it. See Robson v.Hallenbeck, 81 F.3d 1, 4 (lst Cir. 1996) ("[A]bsence of warningthat the court was considering dismissal . . . may be a pertinentfactor in evaluating a dismissal, especially if the conduct inquestion did not violate a clear preexisting requirement."); CosmeNieves, 826 F.2d at 2 ("[Plaintiffs] responded immediately to theonly warning they received the sua sponte dismissal with amotion to the court.") This court, and federal courts generally, have warned that thedrastic sanction of dismissal for want of prosecution "should beemployed only when the district court, in the careful exercise ofits discretion, determines that none of the lesser sanctionsavailable to it would truly be appropriate." Zavala Santiago v.Gonzalez Rivera, 553 F.2d 710, 712 (lst Cir. 1977); see also EnlaceMercantil Internacional v. Senior Industries, 848 F.2d 315, 317(lst Cir. 1988). This is a classic case for a lesser sanction.There has been no showing of particular prejudice to the defendantsor the court and no deliberate disregard of deadlines. See Robson,81 F.3d at 2-3. Indeed, in the absence of a scheduling order, anyaction in these circumstances more severe than a warning thatplaintiff should activate and expedite her case seems excessive. Accordingly, we reverse the dismissal of plaintiff's case andremand for further proceedings. The district court retains thediscretion, of course, to dismiss the case if appropriatecircumstances arise. Reversed and remanded.