J. Donald ROBSON, et al.,
Plaintiffs, Appellants,

v.

Gilman HALLENBECK, et al.,
Defendants, Appellees.

J. Donald ROBSON, et al.,
Plaintiffs, Appellees,

v.

Gilman HALLENBECK, et al.,
Defendants, Appellants.

Nos. 95–1595, 95–1983.

United States Court of Appeals,
First Circuit.

Heard Feb. 6, 1996.

Decided April 3, 1996.

Michael T. Phelan, Lynn, MA, for plaintiffs.

John C. Ottenberg with whom Berry, Ottenberg, Dunkless & Parker, Boston, MA, was on consolidated brief for defendants.

Before SELYA, BOUDIN and LYNCH, Circuit Judges.

BOUDIN, Circuit Judge.

The plaintiffs, J. Donald and Sandra Robson, brought suit against Gilman Hallenbeck and Dan DiCarlo, alleging that the defendants breached fiduciary duties owed to the Robsons, administered a trust in a grossly negligent manner, and committed fraud. The details of this action need not be discussed, since the principal issue in the plaintiffs' appeal is procedural and we decline the defendants' invitation to reach the merits on their cross-appeal. But because the case was ultimately dismissed on account of the plaintiffs' conduct in pre-trial proceedings, a description of the events leading up to the dismissal is required.

At a pre-trial conference on September 30, 1994, the district judge entered an order that required the parties to meet a series of deadlines in preparation for trial, which was set for May 1, 1995:

- By April 10, 1995, the parties were to file a stipulation of uncontested facts, together with a statement of issues to be tried and a list of witnesses for each side.
- By April 17, the parties were to submit lists of proposed exhibits.
- By April 24, the parties were to file notices of any objections to proposed exhibits or expert witnesses.

The parties were also directed to make exhibits available to the opposing party for inspection, to file a trial brief by the day of trial, and to file requests for rulings of law on the day of trial.

The plaintiffs' attorney, Michael Phelan, failed to attend the September 1994 pre-trial conference, but received notice of the order and its timetable. Under circumstances described more fully below, the plaintiffs did not meet the April 10 deadline for filing the stipulation of uncontested facts. The plaintiffs also failed to file a list of proposed

exhibits by April 17. The parties dispute whether the plaintiffs made their exhibits available for review by defense counsel reasonably in advance of April 24, the deadline for filing objections to proposed exhibits. Finally, the plaintiffs filed their requests for rulings of law on May 9, eight days late.

On May 1, when the trial was scheduled to begin, attorney Phelan appeared in court 15 minutes late and discovered that the judge had already dismissed the case with prejudice for failure to comply with the court's pre-trial order. The plaintiffs filed a motion to vacate the order of dismissal; the district judge denied it without opinion on May 24, 1995. On June 22, 1995, the judge denied without opinion the plaintiffs' motion to reconsider their motion to vacate.

On appeal, the Robsons argue that the district court abused its discretion in dismissing the case because their actions did not amount to "extreme" misconduct, *see Enlace Mercantil Internacional v. Senior Industries*, 848 F.2d 315, 317 (1st Cir.1988), that any violations of the pre-trial order were excusable and did not prejudice the court or the defendants, and that a lesser sanction would have been appropriate.

■ It is hard to find an area of law in which the governing rules are, and probably have to be, so vague. Admittedly, a district court has broad authority to enforce pre-trial discipline and to dismiss a case for failure to obey pre-trial orders. Fed.R.Civ.P. 16(f), 41(b); *see Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The difficulty is that the range of circumstances is so vast, and the problems so much matters of degree, as to defy mechanical rules. What the cases, taken together, do is to set forth a list of pertinent considerations.

■ Among those commonly mentioned (this list is not complete) are the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.[1] Mindful that case man-

---

1. *See Figueroa Ruiz v. Alegria*, 896 F.2d 645, 648     (1st Cir.1990); 9 C. Wright & A. Miller, *Federal*

agement is a fact-specific matter within the ken of the district court, reviewing courts have reversed only for a clear abuse of discretion. *Damiani v. Rhode Island Hosp.*, 704 F.2d 12, 17 (1st Cir.1983) (collecting cases).

■ There is also a procedural dimension. Although Rules 16 and 41 do not formally require any particular procedure, counsel's disregard of a prior warning from the court exacerbates the offense, and the lack of warning sometimes mitigates it. *Velazquez–Rivera v. Sea–Land Service, Inc.*, 920 F.2d 1072, 1078 (1st Cir.1990). Ordinarily, the plaintiff is given an opportunity to explain the default or argue for a lesser penalty; but again there is no mechanical rule. *Link*, 370 U.S. at 632, 82 S.Ct. at 1389–1390. The presence or absence of an explanation by the district court may also be a factor. *See Damiani*, 704 F.2d at 17.

■ In this instance, our main concern is that despite an apparent pattern of noncompliance by plaintiffs' counsel, factual disputes exist over the extent of the misconduct, including excuses offered as to each of the episodes, that have never been resolved by the district court. *Cf. Richman v. General Motors Corp.*, 437 F.2d 196, 199–200 (1st Cir.1971). If we were dealing in this case with a minor act of negligence rather than a pattern, dismissal might appear harsh where no prior warning was given and there was no showing of special prejudice to the opponents or the court. *See Velazquez–Rivera*, 920 F.2d at 1077–78.

In considering the likely bases for the dismissal, we put to one side plaintiffs' failure to attend the pre-trial hearing, since there is no indication that the district court considered it in deciding to dismiss the case. We also ignore Phelan's 15–minutes late arrival on the day of trial, because by the time he arrived for trial, the court had already dismissed the case without considering whether his lateness was excused. What remains is to consider whether the missed pre-trial deadlines, taken together, provide an adequate basis for dismissal. They might well

*Practice and Procedure* § 2370 (2d ed. 1995).

do so but in each instance Phelan has offered some excuse that has never been addressed.

1. *Late filing of stipulation of uncontested facts.* The parties did not start discussing the stipulation until April 3, when the defendants' attorney, John Ottenberg, sent Phelan a draft of a proposed stipulation by fax. On April 6, Ottenberg advised that he wished to add one witness for the defense. On April 7, a Friday and the last business day before the stipulation was due, Phelan sent back a draft with changes. The defendants say that in addition to modifying the proposed facts, Phelan made unauthorized alterations to the *defendants'* list of witnesses.

The defendants found some of these changes unacceptable and sent another draft to Phelan on that same day. Phelan did not respond until after the close of business on April 10, when he sent a further draft, which the defendants rejected. No joint stipulation was filed, and on April 11, Phelan contacted a court clerk, who advised him to file his own version of the stipulation. Although defendants filed a separate stipulation on April 12, Phelan did not do so until April 20.

Phelan says he contracted a sinus and lung infection during the time the parties were negotiating the stipulation. This might account for his delay in filing his version of the stipulation, but it does not explain why he waited so long before starting to discuss the stipulation with the defendants. At best, Phelan's conduct appears careless, but it is difficult to tell without knowing why Phelan did nothing until Ottenberg seized the initiative.

2. *Late filing of exhibit list due April 17.* Phelan also failed to meet the deadline of April 17 for filing a list of exhibits; he filed the list a week late on April 24. Phelan claims that his illness prevented his filing the exhibits on time, and further that a court clerk told him "there should be no problem" if he filed the list within a week after the deadline. Phelan's position is weakened by his failure to file a motion, but there is certainly mitigation if he did suffer a serious illness in this time frame, a matter the district court did not address.

3. *Failure to make exhibits available for review.* Ottenberg says he requested access to the plaintiffs' exhibits on April 3 and again on April 17, but that Phelan did not respond. Phelan, in contrast, asserts that the exhibits were available for review on April 14. It is hard to know which account is correct, and the district court made no finding on the point.[2]

On appeal, Phelan argues that the pre-trial order did not set a deadline for making exhibits available to the other side. But on any reasonable reading, the order required the parties to make exhibits available reasonably in advance of April 24, when objections to the proposed exhibits were due. Far from supporting Phelan, this defense detracts from his position.

The need for remand is evident. If Phelan was at fault in all three episodes, dismissal was within the district court's discretion; on the other hand, Phelan offers excuses for all three and there are no findings to resolve the matter. We leave it open to the district court to reinstate the dismissal if it supportably finds a pattern of unexcused noncompliance with the court's order.

■ We reject now the Robsons' alternative arguments as to why such a pattern even if proved could not justify dismissal in this case. First, the Robsons argue that there is no showing of prejudice, such as the loss of a witness for the defense. In our view, such a specific showing of prejudice would aggravate the misconduct, but is not necessary to justify dismissal. *Cf. Figueroa Ruiz v. Alegria,* 896 F.2d 645, 649 (1st Cir.1990). Repeated disobedience of a scheduling order is inherently prejudicial, because disruption of the court's schedule and the preparation of other parties nearly always results.

■ Second, the Robsons argue that the sanction of dismissal is too severe in these circumstances. There might be some merit to the plaintiffs' argument if we were faced with a single instance of careless misconduct.

A succession of violations, however, indicating a general unwillingness to comply with a court-imposed scheduling order, is for us enough to justify dismissal. Calendars are simply too crowded for parties to treat scheduling orders as optional and to conduct trial preparations at their own convenience.

Finally, the Robsons point to the absence of warning that the court was considering dismissal. This may be a pertinent factor in evaluating a dismissal, especially if the conduct in question did not violate a clear preexisting requirement. In this case, however, the scheduling order is clear and by its terms requires the parties to meet certain deadlines. A court need not provide warning that dismissal will result from repeated violations of such an order.

■ The defendants have cross-appealed from the district court's denial on March 9, 1994 of their motion to dismiss, for judgment on the pleadings, and for summary judgment. The denial of the defendants' motion is not independently appealable as a final order. *See Pedraza v. Shell Oil Co.,* 942 F.2d 48, 54–55 (1st Cir.1991), *cert. denied,* 502 U.S. 1082, 112 S.Ct. 993, 117 L.Ed.2d 154 (1992). This court has said it will generally not review denials of summary judgment or the like ancillary to a different appealable order, although it has stopped short of saying such review is always foreclosed. *Id.; see* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2715, at 636–38 (2d ed. 1983).

Assuming this court could choose to review the denial of defendants' motions on an ancillary basis, we are certain that this is not the case for such an exception to the general rule against such review of an otherwise non-final order. The cross-appeal here attempts to present a factually complex summary judgment claim that is not closely related to our review of the appealable order dismissing the case for misconduct. There is no simple,

---

**2.** There is some reason to question Phelan's claim that the exhibits were available as early as April 14. According to the defense, on April 27, Ottenberg's paralegal called Phelan and offered to exchange copies of exhibits. Phelan said he would have his exhibits copied by the next day.

On April 28, the last business day before trial, Phelan informed Ottenberg that the copies were not ready but the exhibits were available for review and Ottenberg could use the copier in Phelan's office.

abstract legal question whose resolution now might avoid a lengthy trial.

In vacating the order of dismissal and remanding for further proceedings, we are not suggesting that explicit findings with respect to a party's misconduct and excuses are necessary for every such dismissal. In many cases findings may be easily inferred from the record. What is difficult here is that there are at least three different episodes of misconduct, the plaintiffs' counsel has proffered an excuse for each, and the district court has not expressed any view on the matter that would permit us to provide effective review.

The judgment of the district court is *vacated* and the case is *remanded* for further proceedings.