Rivera v. Tone Etcetera                    CV-96-217-M    12/31/96
                 UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Sharon Rivera

     v.                                      Civil No. 96-217-M

Toner Etcetera, Inc. et al.


                            O R D E R


     Sharon Rivera brings suit against her former employer, Toner
Etcetera, Inc., and two individual supervisors alleging
discrimination in her workplace in violation of Title VII of the
Civil Rights Act.  Rivera also asserts state law claims against
Toner and the individual defendants.  Defendants move to dismiss
Rivera's Title VII claims on the grounds that her administrative
complaint was not timely filed and that Title VII does not permit
her claims against individual defendants.  Defendants also move
to dismiss the state law claims as barred by New Hampshire's
workers' compensation statutes and for lack of jurisdiction.  For
reasons that follow, defendants' motion is granted in part and
denied in part.

     Rivera does not object to dismissal of her Title VII claims
against the individual defendants or her claims for negligent

supervision and retention of employees.  Accordingly, those claims are dismissed.

The defendants challenge the timeliness of Rivera's administrative filing and move to dismiss her Title VII claims on that basis.  Because River has submitted materials outside of the pleadings in response, the motion to dismiss the Title VII claims is considered as one for summary judgment.  Fed. R. Civ. P. 12(b).  See EEOC v. Green, 76 F.3d 19, 20 (1st Cir. 1996).  Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The court interprets the record in the light most favorable to the nonmoving party, the plaintiff in this case, and resolves all inferences in her favor.  McIntosh v. Antonio, 71 F.3d 29, 33 (1st Cir. 1995); accord EEOC, 76 F.3d at 20, 23.

Defendants contend that Rivera's complaint against Toner alleging sexual harassment was not timely filed with the New Hampshire Commission on Human Rights ("NHCHR") and that the principle of equitable tolling should not save the claim.  Rivera alleges that the discrimination she experienced occurred while

2

she was employed at toner from July 5 through October 15, 1994. Although Rivera's counsel filed her complaint with the NHCHR on June 23, 1995, and the complaint was received and docketed by the NHCHR on that day, it was later misplaced.  When Rivera's counsel had not received confirmation from the NHCHR of the filing of the complaint, he contacted the NHCHR in August and was told to refile.  Accordingly, a new complaint, with a copy of the original complaint, was filed on August 22, 1995.  John Corrigan, Deputy Director of NHCHR, explained in a letter dated June 18, 1996, that "The original complaint, which was filed more than 180 days after the alleged date of discrimination, should have been forwarded to the EEOC for investigation.  Apparently the complaint was mislaid."

Title VII requires plaintiffs to exhaust administrative remedies before filing a Title VII suit in federal court.  Lawton v. State Mutual Life Assurance Co. of America, No. 96-1609, 1996 WL 678623 at *1 (1st Cir., Dec. 2, 1996).  The general rule requires complaints to be filed with the EEOC within 180 days of the discriminatory act, unless the complaint is first filed with an authorized state agency, in which case it must be filed within 300 days.  42 U.S.C.A. § 2000e-5(e); EEOC v. Commercial Office Products Co., 486 U.S. 107, 110 (1988).  Because authorized state

3

agencies have 60 days of exclusive jurisdiction within which to conduct their own proceedings, a complaint must be filed within 240 days of the last discriminatory event to meet the 300 day limit unless the state agency terminates its proceedings within the 300 day period. 42 U.S.C.A. § 2000e-5(c); EEOC, 486 U.S. at 111. Whether a complaint is timely filed under an applicable state limitations period does not affect the timeliness of filing for purposes of the EEOC. EEOC, 483 U.S. at 124.

Title VII's statutory time limits may be affected by the terms of worksharing agreements between the EEOC and authorized state agencies in so-called "deferral states." See, e.g., EEOC, 486 U.S. at 112; EEOC v. Green, 76 F.3d 19, 23 (1st Cir. 1996); Russell v. Delco Remy Div. of General Motors Corp., 51 F.3d 746, 750-51 (7th Cir. 1995). Under the terms of worksharing agreements, state agencies may waive the 60-day exclusive period with the effect that the state proceedings terminate at the time of filing and provide the claimant with the full 300-day period to filed. See, e.g., EEOC, 486 U.S. at 114-122; Ford v. Bernard Fineson Development Center, 81 F.3d 304, 309-10 (2d Cir. 1996); EEOC v. Green, 76 F.3d at 23 n.6. In addition, when the EEOC and the state agency agree to serve as the other's agent for filing purposes, a complaint filed with the state agency may be deemed

4

to have been filed simultaneously with the EEOC for purposes of the 300-day period.  See EEOC v. Green, 76 F.3d at 23 n.5.

The terms of worksharing agreements may vary and each agreement must be individually construed.  See Russell, 51 F.3d at 751.  Unfortunately, neither party has submitted a copy of the applicable worksharing agreement between the NHCHR[1] and the EEOC. Other judges in this district have held that under the terms of NHCHR worksharing agreements, NHCHR and the EEOC are agents of each other for purposes of filing complaints and that NHCHR has waived the 60-day exclusive jurisdiction period, allowing claimants the full 300 days to file complaints.  See Madison v. St. Joseph Hospital, No. 95-239-SD at *9-11 (D.N.H. Aug. 28, 1996) (1994 worksharing agreement); Bergstrom v. University of New Hampshire, No. 95-267-JD (D.N.H. Jan. 9, 1996) (1993 worksharing agreement).

As the moving party, Toner bears the burden of demonstrating that it is entitled to judgment as a matter of law.  It is likely that the applicable New Hampshire worksharing agreement would provide that Rivera's claim was deemed filed with the EEOC upon the initial June filing with the NHCHR, in which case, the EEOC

---

[1]  The NHCHR is certified by the EEOC as an agency that meets Title VII criteria.  29 C.F.R. § 1601.80.

5

filing would be within the 300-day limit.  However, without the parties' attention to the worksharing agreement, this legal question cannot be resolved.

If the worksharing agreement were not construed to provide for simultaneous filing in this case, however, it would be appropriate to apply the principles of equitable tolling to allow late filing.  Under the circumstances presented here, it would not serve the purposes of Title VII to bar Rivera's claim because of an administrative error at NHCHR.  See Brown v. Crowe, 963 F.2d 895, 899-900 (6th Cir. 1992); but see Breen v. Norwest Bank Minnesota, N.A., 865 F. Supp. 574, 578-79 (D. Minn. 1994).

## CONCLUSION

Accordingly, Counts Five and Six in plaintiff's complaint are dismissed, Counts One, Two, and Three are dismissed as to the individual defendants only.  The remaining claims are not dismissed.  Defendants' motion to dismiss (document no. 3) is granted in part and denied in part.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

**December 31, 1996**

cc:  James H. Gambrill, Esq.
     Debra Weiss Ford, Esq.