[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 97-1892

JUDY CHENG,

Plaintiff, Appellant,

v.

IDEASSOCIATES, INC., GAUTAM GUPTA AND DAVID HUNTER,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]



Before

Torruella, Chief Judge,
Selya and Stahl, Circuit Judges.



Judy Cheng on brief pro se.
Lynne Alix Morrison, Adrienne M. Markham and Goulston & Storrs on
brief for appellees.



April 9, 1998


Per Curiam. In this employment discrimination
action, plaintiff appeals the dismissal of her complaint as a
sanction for failure to comply with a discovery order. 
Plaintiff allegedly failed to comply with the court's March 31,
1997 order by withholding from her document production
approximately 5,000 pages of diary and calendar entries. The
diary and calendars were kept by plaintiff for her personal use
and contain, inter alia, a running commentary on things that
plaintiff thought, saw, heard, and did during the employment
period.
Having carefully reviewed the record leading to the
dismissal, it appears that the March 31 order does not
specifically command the production of these documents, but
generally directs plaintiff to respond to defendants' document
request. The document request, in turn, generally requests
documents about subjects relevant to the issues in suit, but
does not specifically designate these diary and calendar pages. 
Plaintiff produced documents in response to the March
31 order, and defendants' demands, including, significantly,
many pages from the personal diary and calendars. She argues
here, as below, that this production exhausted all documents in
her possession that are "relevant" to the subjects in suit. 
Defendants did not refute plaintiff's assertion; rather they
urged that the withheld pages seem "reasonably calculated" to
lead to admissible evidence. 
We tred lightly here so as not to intrude on the
district court's broad discretion to manage evolving discovery
demands under Fed. R. Civ. P. 34, nor to substitute our own
view as to any management orders. This dismissal, however,
cannot stand because it is not authorized by Fed. R. Civ. P.
37(b)(2). The sanction of dismissal under Rule 37(b)(2) is
authorized only if the order allegedly violated gave notice
that the withholding of the specific material would constitute
a defiance of the order. R.W. Int'l Corp. v. Welch Foods,
Inc., 937 F.2d 11 (1st Cir. 1991). 
[W]hen a court issues a broad-form discovery order,
and the party to whom it is addressed complies with
it somewhat less than fully, withholding documents
arguably outside the order's scope, the district
court cannot dismiss without first entering an order
commanding production of the specific materials.

Id. at 16.
The March 31 order did not unarguably command
production of the specific documents withheld, so the sanction
of dismissal was not authorized. Plaintiff's arguments at the
June 12, 1997 hearing, where the issue was aired for the first
time, cannot be construed (on the basis of the "cold"
transcript alone) as expressing a determination to violate a
specific production order.
We also find no support for defendant's re-
characterization of the dismissal as one based on a "pattern of
discovery abuses" by the plaintiff. This ground was not urged
in the district court, and there were no express findings to
that effect. We cannot readily infer from this record that the
discovery events listed in defendants' brief, even
cumulatively, involved an "abuse" of the process. See Robsonv. Hallenbeck, 81 F.3d 1 (1st Cir. 1996). Nothing that we say
here, of course, precludes the district court from considering
any motion based on a supportable pattern of discovery abuse. 
Id. at 3. 
Plaintiff's remaining assignments of error, most
significantly the denial of her motions seeking to reinstate
her Equal Pay Act claim, are not properly before us at this
time. Where the reason for the denial of an amendment is not
obvious from the record, however, we urge the district court to
enter specific, reviewable findings. 
Although we do not consider plaintiff's allegation of
judicial bias because it was not raised, ab initio, in the
district court, we think it prudent that, on remand, the case
be reassigned to a judge other than the district court judge to
whom it was originally assigned. See D. Mass. R. 40.1(i). 
The judgment of dismissal is vacated and this case is
remanded to the district court for further proceedings
consistent with this decision. No costs.