USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________No. 97-1892 JUDY CHENG, Plaintiff, Appellant, v. IDEASSOCIATES, INC., GAUTAM GUPTA AND DAVID HUNTER, Defendants, Appellees.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ____________________ Before Torruella, Chief Judge, Selya and Stahl, Circuit Judges. ____________________ Judy Cheng on brief pro se. Lynne Alix Morrison, Adrienne M. Markham and Goulston & Storrs onbrief for appellees. ____________________ April 9, 1998 ____________________ Per Curiam. In this employment discrimination action, plaintiff appeals the dismissal of her complaint as a sanction for failure to comply with a discovery order.  Plaintiff allegedly failed to comply with the court's March 31, 1997 order by withholding from her document production approximately 5,000 pages of diary and calendar entries. The diary and calendars were kept by plaintiff for her personal use and contain, inter alia, a running commentary on things that plaintiff thought, saw, heard, and did during the employment period. Having carefully reviewed the record leading to the dismissal, it appears that the March 31 order does not specifically command the production of these documents, but generally directs plaintiff to respond to defendants' document request. The document request, in turn, generally requests documents about subjects relevant to the issues in suit, but does not specifically designate these diary and calendar pages.  Plaintiff produced documents in response to the March 31 order, and defendants' demands, including, significantly, many pages from the personal diary and calendars. She argues here, as below, that this production exhausted all documents in her possession that are "relevant" to the subjects in suit.  Defendants did not refute plaintiff's assertion; rather they urged that the withheld pages seem "reasonably calculated" to lead to admissible evidence.  We tred lightly here so as not to intrude on the district court's broad discretion to manage evolving discovery demands under Fed. R. Civ. P. 34, nor to substitute our own view as to any management orders. This dismissal, however, cannot stand because it is not authorized by Fed. R. Civ. P. 37(b)(2). The sanction of dismissal under Rule 37(b)(2) is authorized only if the order allegedly violated gave notice that the withholding of the specific material would constitute a defiance of the order. R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11 (1st Cir. 1991).  [W]hen a court issues a broad-form discovery order, and the party to whom it is addressed complies with it somewhat less than fully, withholding documents arguably outside the order's scope, the district court cannot dismiss without first entering an order commanding production of the specific materials.  Id. at 16. The March 31 order did not unarguably command production of the specific documents withheld, so the sanction of dismissal was not authorized. Plaintiff's arguments at the June 12, 1997 hearing, where the issue was aired for the first time, cannot be construed (on the basis of the "cold" transcript alone) as expressing a determination to violate a specific production order. We also find no support for defendant's re- characterization of the dismissal as one based on a "pattern of discovery abuses" by the plaintiff. This ground was not urged in the district court, and there were no express findings to that effect. We cannot readily infer from this record that the discovery events listed in defendants' brief, even cumulatively, involved an "abuse" of the process. See Robsonv. Hallenbeck, 81 F.3d 1 (1st Cir. 1996). Nothing that we say here, of course, precludes the district court from considering any motion based on a supportable pattern of discovery abuse.  Id. at 3.  Plaintiff's remaining assignments of error, most significantly the denial of her motions seeking to reinstate her Equal Pay Act claim, are not properly before us at this time. Where the reason for the denial of an amendment is not obvious from the record, however, we urge the district court to enter specific, reviewable findings.  Although we do not consider plaintiff's allegation of judicial bias because it was not raised, ab initio, in the district court, we think it prudent that, on remand, the case be reassigned to a judge other than the district court judge to whom it was originally assigned. See D. Mass. R. 40.1(i).  The judgment of dismissal is vacated and this case is remanded to the district court for further proceedings consistent with this decision. No costs.