USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 
 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 ____________________

No. 97-2156

 ARTHUR ROBERTS, JR.,
 Plaintiff, Appellant,

 v.

 JOHN B. HOLMES, JR., ET AL.,
 Defendants, Appellees.
 
 
 
 ROBERTS FOOD MART, INC.,
 Plaintiff, Appellee.
 ____________________
 
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF MASSACHUSETTS
 
 [Hon. Edward F. Harrington, U.S. District Judge]
 
 ____________________
 
 Before
 
 Torruella, Chief Judge,
 Selya and Boudin, Circuit Judges.
 ____________________
 
 Arthur Roberts, Jr. on brief pro se.
 Michael P. Fleming, County Attorney, Lisa S. Rice, Assistant
County Attorney, and Joni Vollman, Assistant District Attorney, on
brief for appellees John B. Holmes, Jr., Russell Turbeville, and
Robert Vernier.
 Joseph L. Tehan, Jr., Katharine I. Goree and Kopelman and Paige,
P.C., Town Counsel, on brief for appellees Chief Thomas Neilen and
Sgt. Michael Ladrigan.

 ____________________

 May 7, 1998
 ____________________

 Per Curiam. Arthur J. Roberts, Jr., a resident of Scituate,
Massachusetts, is under indictment in Harris County, Texas for violation
of the Texas Securities Act, Tex. Rev. Civ. Stat. Ann. art. 581-29. He
has been arrested several times on fugitive from justice charges
stemming from the Texas case. On April 10, 1997, Roberts filed a pro secivil rights complaint under 42 U.S.C. 1983 in the District of
Massachusetts. The complaint seeks, among other things, to enjoin the
prosecution of the state criminal proceedings. Upon motion of
defendants' counsel (at least one of whom had traveled from Texas), the
district court dismissed the case based on Roberts' failure to appear at
the initial scheduling conference. This appeal followed.
 Although dismissal is a harsh sanction, we do not think that the
district court abused its discretion in imposing that sanction here. 
See Robson v. Hallenbeck, 81 F.3d 1, 2-3 (1st Cir. 1996) (setting forth
standard of review). In a motion for stay filed in the district court,
Roberts explained his failure to appear. He stated that he was unaware
that any motions would be heard at the scheduling conference. This
excuse is not legitimate. The only motion heard at the conference was
a motion to dismiss, and Roberts was forewarned that a failure to attend
could result in dismissal. Moreover, no motion was necessary. Fed. R.
Civ. P. 16(f), which incorporates by reference portions of Fed. R. Civ.
P. 37(b)(2), explicitly permits a district court to impose a sanction of
dismissal on its own initiative.
 A dismissal without qualification is presumed to be with prejudice,
Fed. R. Civ. P. 41(b), and the clerk's notes confirm this intention. If
plaintiff's complaint showed some real substance, we might well direct
that the dismissal be modified to be a dismissal without prejudice,
taking into consideration the fact that this was a first violation of a
court order, prejudice appears to have been minimal, and Roberts was
acting pro se. However, we are persuaded that in this case such an
adjustment would be a waste of time.
 In particular, we think that his complaint suffers from glaring
weaknesses. Although none of the parties has raised the issue, a
federal district court is barred from enjoining an ongoing state
criminal proceeding, except in extraordinary circumstances. See Youngerv. Harris, 401 U.S. 37 (1971). Roberts' various claims for damages also
suffer from infirmities. Without attempting an exhaustive list, we
think that his allegations are either conclusory, fail to rise to the
level of a constitutional violation, fail to state a claim under 1983,
or are likely barred by an immunity defense.
 Affirmed.