# United States Court of Appeals
## For the First Circuit

No. 01-2648

HEIDI CROSSMAN,

Plaintiff, Appellant,

v.

RAYTHEON LONG TERM DISABILITY PLAN,
RAYTHEON COMPANY, and
METROPOLITAN LIFE INSURANCE COMPANY,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

---

Before

Torruella, Circuit Judge,
B. Fletcher,* Senior Circuit Judge,
and Lipez, Circuit Judge.

---

William P. Boland, with whom Gleason Law Offices, P.C. was on brief, for appellant.
Carmel A. Craig, with whom James F. Kavanaugh, Jr., Stephen S. Churchill, and Conn Kavanaugh Rosenthal Peisch & Ford, LLP were on brief, for appellees.

---

December 31, 2002

---

* Hon. Betty B. Fletcher, of the Ninth Circuit, sitting by designation.

**TORRUELLA**, **Circuit Judge**. Plaintiff-appellant Heidi Crossman appeals from the district court's dismissal of her complaint for failure to prosecute. The district court dismissed Crossman's claim because of William P. Boland's, her counsel's, failure to appear for the initial scheduling conference. Because we conclude that the district court abused its discretion in meting out this harsh sanction, we reverse and remand the case to the district court for further proceedings.

## I. Background

On May 31, 2001, Crossman filed a complaint against defendants-appellees, Raytheon Long Term Disability Plan, Raytheon Company, and Metropolitan Life Insurance Company ("Raytheon and MetLife"), seeking benefits and alleging breach of fiduciary duty under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. After Raytheon and MetLife timely filed an answer, the district court issued a Notice of Scheduling Conference ("Notice"). The Notice required that the parties attend an initial scheduling conference on September 26, 2001. Prior to the scheduling conference, the Notice required the parties to confer, the plaintiff to present a settlement proposal to the defendants, and the parties to file a joint statement. Under the terms of the Notice, failure to fully comply could result in sanctions under Local Rule 1.3 of the District of Massachusetts. Such sanctions include "dismissal, default, or the imposition of other sanctions

-2-

as deemed appropriate by the judicial officer." D. Mass. Loc. R. 1.3.

On September 5, 2001, Boland sent a proposed joint statement to Raytheon and MetLife's counsel via fax. Defense counsel sent a response to Boland via mail and fax, and also requested a conference to discuss the statement. After receiving no response to that communication, defense counsel left a message for plaintiff's counsel. Once again, Boland failed to respond. As of September 19, 2001, the deadline for the filing of the joint statement, Raytheon and MetLife's counsel had received no further communication from Boland regarding the joint statement. The defense counsel then proceeded to serve and file a statement for the defendants, rather than a joint statement.

Boland failed to appear for the initial scheduling conference on September 26, 2001. The next day, the district court dismissed Crossman's complaint for failure to prosecute, but no factual findings accompanied the order of dismissal.

On October 4, 2001, Crossman filed a motion to vacate the order of dismissal. In support of the motion, Boland filed a sworn affidavit stating that he had received the Notice but inadvertently failed to enter the scheduling conference on his calendar. On October 15, 2001, Raytheon and MetLife filed an opposition to plaintiff's motion to vacate dismissal in which they gave their version of the events preceding the scheduling conference.

Defendants argued that plaintiff's counsel must have been on notice of the conference given the proposed joint statement, the repeated attempted contacts by defense counsel,[1] and the service of the defendant's statement, which was filed in lieu of a joint statement. The defendants also argued that preparing for and attending the aborted scheduling conference constituted prejudice. On October 31, 2001, the district court denied Crossman's motion to vacate the order of dismissal "for reasons substantially as stated in defendants' opposition." This timely appeal followed.

## II. Standard of Review

Trial courts have broad authority to manage their dockets, including the ability to sanction attorneys or to dismiss cases for counsel's failure to comply with pre-trial orders. Fed. R. Civ. P. 16(f), 41(b); see Jones v. Winnepesaukee Realty, 990 F.2d 1, 5 (1st Cir. 1993). Although we review choice of sanctions for clear abuse of discretion, the district court's power to discipline is not without limit. See Figueroa Ruiz v. Alegría, 896 F.2d 645, 647 (1st Cir. 1990) (indicating the district court's power to issue sanctions is not unfettered); Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc., 848 F.2d 315, 317-18 (1st Cir. 1988) (discussing "limitations on the use of dismissal as a penalty"); Damiani v. Rhode Island Hosp., 704 F.2d 12, 17 (1st

---

[1] The "repeated" contacts included a mailed and faxed request for a meeting and a follow-up message.

Cir. 1983) (indicating that district court decisions regarding sanctions are not simply "rubber-stamped").

### III. Discussion

Although "[a] district court unquestionably has the authority to dismiss a case with prejudice for want of prosecution" in order to manage its docket, the court must consider the nature and number of violations on the part of counsel prior to taking such action. Zavala Santiago v. González Rivera, 553 F.2d 710, 712 (1st Cir. 1977); see also Robson v. Hallenbeck, 81 F.3d 1, 2-3 (1st Cir. 1996) (indicating factors to be considered in determining appropriateness of sanctions include "severity . . . [and] repetition of violations"). According to Boland, he received the Notice and thus was aware that a scheduling conference would take place, but a clerical error at counsel's office resulted in the failure to enter the date of the conference on the office calendar. Although we acknowledge the need to deter delays and enforce orders, we cannot say that the behavior here rose to the level necessary to support the harsh penalty of dismissal -- the record does not support the defendants' argument that Boland engaged in a series of deliberate violations. See Velásquez-Rivera v. Sea-Land Serv., Inc., 920 F.2d 1072, 1076 (1st Cir. 1990) (reversing district court's dismissal of complaint where the only misconduct was the "inadvertent if inexcusable failure of counsel to attend the [scheduling] conference"); Richman v. General Motors Corp., 437

F.2d 196, 199 (1st Cir. 1971) (holding that "[d]ismissal is a harsh sanction which should be resorted to only in extreme cases" that have a clear record of delay or contumacious conduct); 6A Wright, Miller & Kane, Federal Practice & Procedure § 1531 (2d ed. 1990) (hereinafter Wright & Miller) ("Parties should not be denied relief solely because of a procedural error or unless clearly contumacious behavior is involved."). Here, the district court's dismissal appeared predicated on failure to comply with the Notice,[2] which is not the type of action that alone should support the sanction of dismissal. See Top Entertainment, Inc. v. Ortega, 285 F.3d 115, 118 (1st Cir. 2002) ("A single instance of prohibited conduct cannot be a basis for dismissal if the conduct was not 'particularly egregious or extreme'") (quoting Benjamin v. Aroostook Med. Ctr., Inc., 57 F.3d 101, 107 (1st Cir. 1995)); Wright & Miller § 1531 n.10 (collecting cases indicating that dismissals absent contumacious behavior generally constitute an abuse of discretion).

In evaluating the propriety of dismissal, we also consider whether it was necessary to avoid prejudice to the opposing party. See Robson, 81 F.3d at 2-3 (including "prejudice

---

[2] Boland violated the Notice in the following ways: (1) he did not finish preparing the joint statement, (2) he did not file the joint statement, and (3) he did not attend the scheduling conference. Rather than being violations of separate orders and thus a pattern of disobedience, however, we believe the behavior boiled down to what was quite possibly an inadvertent failure to comply with one judicial order.

to the other side and to the operations of the court" as another factor relevant to the evaluation of sanctions); accord Zavala Santiago, 553 F.2d at 712. Defendants argue that the expense incurred in unsuccessfully attempting to communicate with Boland and in preparing for and attending an aborted scheduling conference constitutes prejudice. While it is unfortunate that such efforts and preparation were in vain, such fruitless expenditures are not unusual in the course of litigation and do not rise to the level of prejudice justifying dismissal. See Richman, 437 F.2d at 199 (indicating that incurring litigation-related expenses did not constitute prejudice to the defendant).

Prior to choosing the harsh sanction of dismissal, a district court should consider the "broad panoply of lesser sanctions available to it," such as "contempt, fines, conditional orders of dismissal, etc." Id. The severe sanction of dismissal serves as a powerful "means of deterring others from frustrating the district court's well justified efforts at docket management," but it is not the only such deterrent. Zavala Santiago, 553 F.2d at 713 (internal citations omitted); see also Damiani, 704 F.2d at 15. The "adequacy of lesser sanctions" should have entered the district court's calculus. Robson, 81 F.3d at 2-3. The court did not indicate any such consideration of alternative sanctions, and thus we find the dismissal constituted an abuse of discretion.

## IV.  Conclusion

For the foregoing reasons, we reverse and remand the case to the district court with instructions to reinstate the case to its status as of the time of dismissal.  Costs are awarded to appellant Crossman pursuant to Fed. R. App. P. 39(a)(3).

**Reversed and remanded**.