Ramon SANTOS SANCHEZ, et al., Plaintiffs,

v.

HOSPITAL MENONITA DE CAYEY, INC., Defendant and Third Party Plaintiff,

v.

Dr. Carlos Perez, et al., Third Party Defendants.

No. CIV. 01–2145(HL).

United States District Court, D. Puerto Rico.

Oct. 22, 2003.

Rafael E. Garcia–Rodon, Juan H. Saave-dra–Castre, San Juan, PR, for plaintiffs.

Anselmo Irizarry–Irizarry, Matta & Matta, Ponce, PR, for Hospital Menonita De Cayey.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is defendant and third-party plaintiff Hospital Menonita de Cayey, Inc.'s ("Hospital") response to the Court's order to show cause. For the following reasons, the Court believes that defendant's response is insufficient and dismisses the third-party complaint.

## FACTS

On May 6, 2002, defendant Hospital Menonita de Cayey, Inc. ("Hospital") was entered into default for failing to have its attorney enter an appearance in violation of the Court's order of March 28, 2002. (Dkt. 9, 15). On May 28, 2002, the Court, in its generosity, granted the Hospital's request to set aside the order of default. (Dkt. 21). On that same date, the Court also allowed defendant to file a third party complaint a month after the deadline to add additional claims and parties had expired. (Dkt. 6, 22).

On December 5, 2002 the Court dismissed the third party complaint because the Hospi-tal had failed to serve two of the third-party defendants and had failed to oppose a motion for summary judgment brought by the third third-party defendant. (Dkt. 29, 30). Much to the surprise of the Court, defendant then filed another third-party complaint against several doctors of the hospital, "a week before the pre-trial conference, a month before trial, over six months after the deadline for completing discovery, and over eight months after the deadline for adding additional claims and parties." (Dkt. 33). The Court denied the Hospital's motion for leave and ordered the parties to prepare for and attend the pre-trial and settlement conference. (Dkt. 33). At the conference, defendant pleaded with the Court for one more opportunity to file its third-party complaint. The Court, after hearing defendant's assurances that it was acting in good faith, reconsidered its decision and granted defendant one final opportunity to file its third-party complaint.[1] (Dkt. 37).

After the third-party defendants had answered the complaint, the Court issued a modified scheduling order and ordered the parties to complete discovery by August 11, 2003, to file dispositive motions by August 25, 2003, and to attend a pre-trial and settlement conference on October 20, 2003. (Dkt. 54).[2] At the bottom of the scheduling order, the parties were warned that: "These dates are final. The Court will not allow this case to be delayed any further."

On April 3, 2003, third-party defendant Dr. Flores sent his First Set of Interrogatories and a Request for Production of Expert Testimony (Dkt. 55). The Hospital never responded to Dr. Flores' request during the discovery period. Instead, third-party defendants informed the Court that the Hospital had failed to answer interrogatories, to provide discoverable information, and to respond to third-party defendants' request for a discovery meeting under Local Rule 311.11. (Dkt. 61). Hence, on September 23, 2003, the Court ordered defendant to show cause

1. The Court notes that it is questionable whether the convoluted and poorly drafted third-party complaint even states a cause of action for which relief can be granted. (Dkt. 38).

2. It is important to note that third-party plaintiff still failed to serve one of the third-party plaintiffs the second time around. Accordingly, the Court the dismissed all claims against third-party defendant Dr. Carlos Perez on April 30, 2003. (Dkt. 53).

why this case should not be dismissed for want of prosecution. (Dkt. 63). In response, the Hospital informed the Court that it had provided third-party defendants a copy of the medical records and the "legal writs" on June 6, 2003, a copy of the expert report on September 8, 2003, and answers to the interrogatories on October 2, 2003. (Dkt. 65). Defendant, however, never explained why the reports and the answers were sent after the deadline to complete discovery had expired. (Dkt. 54, 65).

## DISCUSSION

■ The First Circuit has repeatedly held that district courts "unquestionably ha[ve] the authority to dismiss a case with prejudice for want of prosecution; this power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of a defendant." *Zavala Santiago v. Gonzalez Rivera*, 553 F.2d 710, 712 (1st Cir.1977). However, this sanction is only appropriate when the misconduct is "extreme." Extreme misconduct "comes in many shapes and forms, ranging from protracted foot-dragging to defiance of court orders to ignoring warnings to other aggravating circumstances....[including] wasteful expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4 (1st Cir.2002). In addition, a district court must also consider the "legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." *Robson v. Hallenbeck*, 81 F.3d 1, 2 (1st Cir.1996).

■ Defendant's conduct is nothing short of extreme. In light of all of the second chances the Court has granted the Hospital, it is inexcusable that it would respond to Dr. Flores's discovery requests after the deadline to conclude discovery had expired. Third-party defendant sent his First Set of Interrogatories on April 3, 2003 and the Hospital had ample time to respond. Defendant has deliberately and repeatedly ignored the Court's orders, acted in bad faith, delayed this case unnecessarily and provided absolutely no excuse for its deplorable behavior.

As the First Circuit has noted, a "succession of violations...indicating a general unwillingness to comply with a court-imposed scheduling order, is for us enough to justify dismissal. Calendars are simply too crowded for parties to treat scheduling orders as optional and to conduct trial preparations at their own convenience." *Robson*, 81 F.3d at 4.

The First Circuit has often dismissed a complaint when a party has shown a " 'persistent pattern of disregarding or disobeying the requirements of the Federal Rules...and explicit court orders'....[including failure] to timely and properly answer written interrogatories." *Morgan v. Massachusetts General Hospital*, 901 F.2d 186, 194. (quoting *Wyle v. R.J. Reynolds Ind., Inc.*, 709 F.2d 585 (9th Cir.1983)). Here the pattern of malfeasance has been evident since the nascent stages of the litigation. For example, according to the initial scheduling order defendant was required to provide its Rule 26(a) disclosures to plaintiff by March 7, 2002. When defendant failed to comply with this deadline, the Court granted plaintiffs' motion to compel and ordered defendant to provide its disclosures by May 9, 2002. This deadline was also ignored. Instead, defendant provided its Rule 26(a) disclosures for the first time on December 19, 2002 during the first pre-trial and settlement conference. (Dkts. 49, 50). No explanation was given for the delay. Similarly, in its response to the Court's order to show cause, the Hospital casually mentioned that it responded to several discovery requests after the discovery deadline had expired without any excuse, let alone a justifiable one. (Dkt. 65).

All of this is compounded by the fact that the Hospital, in filing its third-party complaint, has only made a token effort to engage in discovery during the discovery period. Prior to the August 11 deadline, defendant failed to make any document requests, to meet with the third parties, or to conduct a deposition. *See Chamorro*, 304 F.3d at 6 (dismissing case in part because defendant made a "token effort at discovery").

Finally, the Court is very concerned with the impact of defendant's actions on the other parties. "Repeated disobedience of a

scheduling order of the court's schedule is inherently prejudicial, because disruption of the court's schedule and the preparation of other parties nearly always results." *Robson*, 81 F.3d at 4. In this case, the prejudice to the third-party defendants is severe. The Hospital's failure to provide a timely response to Dr. Flores' discovery request has deprived him an opportunity to file dispositive motions and to prepare for trial. While the Court has considered the adequacy of lesser sanctions, these would still require the Court to delay the trial further to allow third-party defendants a fair opportunity to prepare. Delaying this case further, however, is not an option. Plaintiffs filed this case on August 24, 2001 and have been prepared to go to trial for almost a year. The Court will not trample on their right to have this dispute resolved expeditiously simply because the Hospital erroneously believes that it can litigate this case at its own convenience.

The Hospital's third-party complaint was dismissed on two separate occasions, only to be resurrected one last time by the good-will of the Court. The Court's generosity, however, does not come without a price. Defendants have been put on notice time and time again that the Court will no longer allow further delays or malfeasance. The Court must now act on its threat and stop the protracted foot-dragging. Accordingly, the Court hereby **dismisses** the Hospital's third-party complaint for the third and final time. The Court orders the plaintiffs and the defendant to prepare for trial and the pre-trial and settlement conference set for October 30, 2003.

**IT IS SO ORDERED.**